

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# Rutledge v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rutledge v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3160
_____

KEVIN RUTLEDGE,
                                        Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00196)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 5, 2006

Before: BARRY, STAPLETON AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed:  January 12, 2006)
_____

OPINION
_____

PER CURIAM

        Kevin Rutledge appeals from the District Court's order denying his habeas corpus

petition filed under 28 U.S.C. § 2241.  In his habeas petition, Rutledge challenges the loss

of good conduct time (GCT) and other sanctions imposed while in federal custody at the

Federal Correctional Institution in Fort Dix, New Jersey. For the following reasons, we

will affirm the District Court's order.

While incarcerated at FCI Fort Dix, Rutledge was issued an incident report

charging him with abuse of the telephone, possession of anything unauthorized, and

conduct that disrupts the running of the institution. The charges were based on the

discovery of a cell phone which a friend of Rutledge's brought him on a visit to FCI Fort

Dix. At a hearing before a Discipline Hearing Officer (DHO), Rutledge admitted that the

cell phone was his, that his friend had brought it to him, and that he had used the phone

while in custody. Based on Rutledge's admissions, the DHO found that Rutledge had

committed two infractions: (1) non-criminal telephone abuse in violation of Code 297;

and (2) possession of anything unauthorized in violation of Code 305. The DHO imposed

sanctions including forfeiture and disallowance of GCT, disciplinary segregation, and a

one-year loss of telephone privileges and visitation privileges.

Rutledge challenged the DHO's decision by filing a habeas corpus petition in the

United States District Court for the Middle District of Pennsylvania.[1] Rutledge concedes

that he violated Code 305 by possessing an unauthorized cell phone, but he contests the

DHO's determination that he abused the telephone in violation of Code 297. Rutledge

also challenges the severity of the sanctions imposed. The District Court interpreted

---

[1]By the time he filed his habeas petition, Rutledge had been transferred to the Low
Security Correctional Institution (LSCI) Allenwood, which is within the judicial district
of the Middle District of Pennsylvania.

Rutledge's challenge to the Code 297 violation as a challenge to the sufficiency of the evidence, found evidence to support the DHO's conclusion, ruled that the sanctions imposed were permissible, and denied Rutledge's habeas petition. Rutledge appeals.[2]

We consider first Rutledge's challenge to the DHO's decision on the Code 297 infraction. Code 297 prohibits "[u]se of the telephone for abuses other than criminal activity (e.g., circumventing telephone monitoring procedures, possession and/or use of another inmate's PIN number; third-party calling; third-party billing; using credit card numbers to place telephone calls, conference calling; talking in code)." 28 C.F.R. § 541.13, Table 3. Rutledge argues that this prohibition applies only to telephones installed in the institution, not to cell phones. The District Court concluded that using an unauthorized cell phone circumvents telephone monitoring procedures and rejected this argument. We agree fully with the District Court's logical conclusion that using a cell phone circumvents telephone monitoring procedures. We also agree that the evidence amply supports the DHO's conclusion that Rutledge violated Code 297 – Rutledge admitted that the cell phone was his and that he had used it while in custody.

We consider next Rutledge's challenge to the severity of the sanctions imposed. Regarding the Code 297 infraction, the applicable regulation permits forfeiture of up to 60 days GCT and disallowance of up to 27 GCT for the year, the precise sanction the

_____

[2]We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

DHO imposed on Rutledge. See 28 C.F.R. § 541.13, Table 3. For his Code 305 infraction, Rutledge forfeited 13 days GCT and was disallowed 13 days GCT, also within the limits prescribed by the regulation. See id. To the extent Rutledge complains about the loss of visitation privileges, the regulations permit the loss of privileges. See id. Moreover, the loss of visitation privileges is especially appropriate where, as here, an inmate obtains an unauthorized cell phone from a visitor.

Finally, Rutledge argues that imposing sanctions under both Code 305 and Code 297 violates the Double Jeopardy Clause. The Government asks that we decline to consider Rutledge's double jeopardy argument because he raises it for the first time on appeal. Rutledge acknowledges that he did not raise a double jeopardy claim in the District Court. Under the circumstances presented here, we see no reason to depart from our general rule of not considering an issue raised for the first time on appeal. See Gass v. Virgin Islands Tel. Corp., 311 F.3d 237, 246-47 (3d Cir. 2002). Accordingly, we decline to consider Rutledge's double jeopardy argument.

For these reasons, we are convinced that the District Court properly denied Rutledge's habeas corpus petition. Accordingly, we will affirm the District Court's judgment.

4